UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM RODRIGUEZ, | No. 2:15-cv-01303-KJM-CMK |
| Plaintiff, | |
| v. | ORDER |
| WELLS FARGO BANK, INC. et al., | |
| Defendant. | |

Plaintiff moves under Federal Rule of Civil Procedure for a forty-five day extension of time to respond to defendants' motion for summary judgment. ECF No. 21. Defendant opposes the request. ECF No. 22.

Generally, Rule 56(d) provides a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir.1987); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment." *Garrett*, 818 F.2d at 1518. The movant must specifically identify relevant information and a basis for belief that the information exists, and must also indicate how the information sought could defeat summary judgment. *United States v. Real Prop. &*

1

*Improvements Located at 2366 San Pablo Avenue, Berkeley, Cal.*, No. 13–02027, 2014 WL 3704041, at *2 (N.D.Cal. July 24, 2014) (citations omitted).  As the Ninth Circuit stated in *Continental Mar. v. Pac. Coast Metal Trades*, 817 F.2d 1391, 1395 (9th Cir.1987), under Rule 56 "the party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact." *Id.*; *see also Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1101 (9th Cir.2006).

Here, plaintiff expressly relies on Rule 56(d) in making his request for a continuance to depose a witness whose testimony she says is necessary to respond to the defendants' motion for summary judgment.  ECF No. 20.  Plaintiff's counsel also explains the logistical hurdles associated with a recent sale of the building in which his law office has been located.  *Id.*  While this circumstance might warrant defendants' accession to a modest extension of time, given that the dispositive motion deadline is some time off, it does not support a Rule 56(d) continuance.

Plaintiff satisfies Rule 56(d) in part, by pointing to information relevant to summary judgment that is likely to exist.  She does not specify how that evidence will raise an issue of material fact.  Plaintiff's motion to continue the due date for a response to defendants' motion is DENIED without prejudice to renewal or submission of a joint stipulation and proposed order, after a further meet and confer with defense counsel, during which the court expects both parties to confer reasonably and in good faith.

IT IS SO ORDERED.

DATED:  April 19, 2016.

_____
UNITED STATES DISTRICT JUDGE